IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01752-CBS

TODD HOROB,

    Plaintiff,

v.

[NO DEFENDANT NAMED],

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Todd Horob, is a prisoner in the custody of the Federal Bureau of Prisons (BOP). Mr. Horob initiated this action by filing *pro se* a document titled "Documenting to the United States District Court of Denver Co. and the Federal Bureau of Prisons" (ECF No. 1) in which he stated that he needs to file a tort claim against the BOP and staff. The instant action was commenced and, on July 3, 2013, Mr. Horob was ordered to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Mr. Horob was ordered to file a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Horob was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

    On July 16, 2013, Mr. Horob tendered for filing as Exhibit B in this action a copy of a request to staff he submitted to inmate health services on July 14, 2013, regarding

his eye glasses. (*See* ECF No. 4.) On August 6, 2013, Mr. Horob filed a document titled "Motion for Summary Judgment" (ECF No. 5) in which he alleged that prison staff have not assisted him in curing the deficiencies in this action. By minute order filed on August 7, 2013, Mr. Horob was granted an extension of time until September 3, 2013, to cure the deficiencies and he was instructed that, if he is unable to cure the deficiencies, he must advise the Court specifically how he has attempted to cure the deficiencies and why he is unable to cure the deficiencies. Mr. Horob was reminded that the action would be dismissed without further notice if he failed to cure the deficiencies within the time allowed.

On September 6, 2013, Mr. Horob filed a document (ECF No. 9) in which he appeared to allege that he had not been able to cure the deficiencies in this action because he could not obtain the necessary forms. By minute order filed on September 9, 2013, Mr. Horob was granted another extension of time until October 4, 2013, to cure the deficiencies and the clerk of the Court was directed to mail to Mr. Horob the necessary forms to cure the deficiencies. An entry in the Court's docketing records indicates that the necessary forms were mailed to Mr. Horob that same day. (*See* ECF No. 10.) Mr. Horob again was reminded that the action would be dismissed without further notice if he failed to cure the deficiencies within the time allowed.

On September 26, 2013, Mr. Horob filed a Motion (ECF No. 11) seeking a stay of these proceedings. By minute order filed on September 27, 2013, the motion to stay the proceedings was denied.

The Court has provided the necessary forms to Mr. Horob to cure the deficiencies and Mr. Horob's filings in this action demonstrate that he has the ability to

complete those forms. However, Mr. Horob has failed within the time allowed to cure any of the deficiencies identified in the July 3 order. He has failed to file a Prisoner Complaint that identifies who he is suing and the claims he is asserting and he has failed either to pay the required filing and administrative fees or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Horob failed to cure the deficiencies as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the "Motion for Summary Judgment" (ECF No. 5) is DENIED as moot.

DATED at Denver, Colorado, this  22nd  day of   October  , 2013.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court